**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JATINDER SINGH, | No. 08-72019 |
| Petitioner, | Agency No. A098-128-717 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2012[**]
San Francisco, California

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Jatinder Singh, a native and citizen of India, seeks review of the Board of

Immigration Appeals' (BIA) rejection of claims for asylum, withholding of

removal, and relief under the Convention Against Torture. We conclude that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence supports the BIA's adverse credibility determination, and we deny the petition for review.

The BIA properly based its adverse credibility determination on "'specific, cogent reasons'" that went "'to the heart of [Singh's] claim.'" *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) (quoting *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004)). We must accept adverse credibility determinations if substantial evidence supports at least one ground identified by the BIA. *See Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). We conclude that substantial evidence supports the following two grounds relied on by the BIA for its adverse credibility determination.

First, Singh's unpersuasive demeanor before the immigration judge (IJ) is substantial evidence for the adverse credibility finding. The IJ observed that Singh's testimony seemed memorized, and that Singh took long pauses when asked to explain discrepancies in his testimony. We give "substantial deference" to demeanor findings that rest on individualized and comprehensible reasons, *Paramasamy v. Ashcroft*, 295 F.3d 1047, 1050–51 (9th Cir. 2002), and nothing in the record compels a conclusion contrary to that of the IJ and the BIA, *see Don*, 476 F.3d at 741.

Second, inconsistencies between Singh's testimony and his prior declaration regarding his second arrest also support the adverse credibility determination. Although these inconsistencies did not enhance Singh's claim of persecution, they demonstrated a pattern of inconsistency that "cast[s] doubt on [Singh's] entire story." *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005). These inconsistencies go to the heart of Singh's claim because they relate to how police treated Singh during his second arrest. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Considered with Singh's demeanor, Singh's inconsistent testimony about his second arrest supports the BIA's decision. *See Kaur*, 418 F.3d at 1067 (holding that "when inconsistencies that weaken a claim for asylum are accompanied by other indications of dishonesty . . . an adverse credibility determination may be supported by substantial evidence").

Because these two grounds are supported by substantial evidence, we do not decide whether the third ground relied on by the BIA—Singh's inability to remember key tenets of the Sikh faith—was a proper basis for the BIA's decision. *See Kin*, 595 F.3d at 1055.

The petition for review is **DENIED**.